## J. J. WALL v. FITGER BREWING COMPANY.[1]

### July 7, 1916.

### Nos. 19,897—(254).

**Compromise and settlement — construction.**

Defendant's assignor loaned to plaintiff $8,000 to be repaid with 8 per cent interest in monthly instalments extending over 20 years. They figured that $60 a month would pay the amount of principal and interest. After many years defendant conceived the idea that instalments of $66.47 were required, and sued to recover $6.47 for each month that had passed. A compromise was effected, and the parties returned to the old "method of calculation," that is $60 a month, stating that $400 a year of said amount paid was applied to the principal, and $320 to interest. It was further agreed that plaintiff might pay off the balance of the loan at any time before maturity, with accrued interest computed as aforesaid to date of payment. This language did not change the rate

[1] Reported in 158 N. W. 789.

of interest from 8 per cent on the amount unpaid to $320 a year, but provided that the balance due should be computed on the basis that $60 a month, and not $66.47, for 20 years would discharge the debt and interest.

Action in the district court for St. Louis county for an accounting of the amount due from plaintiff to defendant at the time of the tender referred to in the opinion, for specific performance of defendant's agreement with plaintiff, and upon payment of the balance due for cancelation of the agreement so far as the same constituted the security for payment, and to enjoin the prosecution of an action in the municipal court of Duluth against plaintiff. The case was tried before Cant, J., who made findings dismissing the action. Plaintiff's motion for amended findings was denied. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*Fryberger, Fulton & Spear,* for appellant.

*P. C. Schmidt* and *Harris & Pearson,* for respondent.

HALLAM, J.

As of date of July 1, 1899, defendant's assignor sublet to plaintiff certain property in Duluth, and in connection therewith loaned him $8,000. The loan was to be repaid as follows: Plaintiff agreed to pay each month for 20 years an amount "equal to one-twelfth (1/12) of one-twentieth (1/20) of the sum of eight thousand dollars ($8,000), including the interest computed thereon at the rate of eight per cent per annum." The parties estimated that monthly payments of $60 a month, or $720 a year, for the 20-year period, would discharge both principal and interest. These payments would substantially do so. In 1913, after payments had been made on this plan for over 13 years, defendant was advised by an accountant that the stipulated amount of $60 a month for 20 years would not pay the amount of the loan and interest, but that it would require payments of $66.47 a month to do so. This defendant thereupon commenced an action to recover an additional amount of $6.47 a month for the period that had already run.

The action was apparently ill-advised, but, so far as appears, was in

good faith. Before trial this suit was compromised on payment of $275 by this plaintiff. A stipulation of settlement was made that in consideration of said sum of $275 this defendant released plaintiff "from any and all claims and demands and all liability arising * * * out of the several matters set forth in the complaint in said action;" and it was further agreed that "all payments of principal and interest * * * hereafter to be made, shall be on the same basis and according to the same method of calculation adopted * * * prior to the commencement of said action, to wit, the payment of an instalment of $400 of said principal loan each year, and of $320 interest each year, divided into monthly instalments of $60 each."

The original agreement had contained a provision that plaintiff might "have the option at any time to pay the full amount * * * and when so paid then all payments referred to above * * * shall cease from the date of the full payment and discharge of the principal sum then due with the accrued interest thereon."

The compromise agreement, in addition to what is above quoted, further contained the following: "The said party of the second part (Wall) to further have the right to pay off the balance of said loan at any time before maturity, with accrued interest, if any, *computed as aforesaid* to the date of such proposed payment."

On January 15, 1915, plaintiff desired to pay the whole balance due. He calculated that he had paid in during the fifteen and one-half years, $6,200 on the principal, that he had paid all interest accrued to January 1, 1915, and that what he owed was $1,800 principal and interest from January 1, and this amount he tendered. If interest is computed at 8 per cent per annum according to the terms of the original contract, it is manifest that he had not reduced his indebtedness to $1,800.

There is some claim that the parties from the first treated the payments of $720 a year as applicable, 1/20 of $8,000, or $400 a year to the payment of principal, the balance of $320 a year to the payment of interest. If we take this view, then it is plain that while the principal was reduced to $1,800, plaintiff had not paid interest in full to date. While plaintiff was paying monthly instalments of principal, the interest accruing was growing less and less each month. For the first month the interest was 1/12 of $640. For the last month of the 20-year period

the interest really accrued was 1/240 as much. While payments of $320 a year, if kept up for 20 years, would pay all the interest that would accrue during the whole period, those payments would not pay all the interest accruing during the earlier years, and would pay more than the amount accruing during the later years. If the parties agreed upon paying the interest on this instalment loan at a flat rate per month throughout the whole 20 years, they were simply adopting a device of convenience, which, to accomplish its purpose, must be kept up for the whole period. At the end of fifteen and one-half years therefore there was still unpaid much of the interest which had accrued.

But it is not important whether the parties did or did not make this application or division of payments, so long as the interest is computed at 8 per cent per annum. We arrive at the same net result if we apply each monthly payment of $60 first to the payment of the interest accrued, and apply the balance upon the principal. In that event, while all interest would be paid, the principal remaining unpaid would be much more than $1,800, in fact the amount which the trial court found was due. Nor do we understand that plaintiff seriously questions this result, if interest is to be figured at 8 per cent per annum as provided in the original contract.

The claim of plaintiff is that the compromise agreement modified the original agreement in this respect and that the provision of the compromise agreement that "the said party of the second part to further have the right to pay off the balance of said loan at any time before maturity, *with accrued interest, if any, computed as aforesaid* to the date of such proposed payment," constituted an entirely new agreement as to interest, and meant that in case of payment of the loan before maturity, the words "computed as aforesaid" required that interest be computed not at 8 per cent per annum, but at the rate of $320 a year for each and every year. We think the language is not susceptible of any such construction.

When this action was started plaintiff apparently claimed no such broad scope for the compromise agreement, for the complaint in speaking of this agreement alleged that this plaintiff "in order to avoid litigation, and to obtain peace and quiet, agreed to a compromise with said Fitger Brewing Company as to such alleged excess interest, and * * * in con-

sideration of the premises, and to obtain peace and quiet as aforesaid, the plaintiff in this action * * * paid the * * * Fitger Brewing Company, * * * the sum of $275; that said agreement was embodied in writing * * * and that a copy thereof is * * * 'Exhibit B.' "

If the compromise agreement had any such result as is now claimed for it, then it meant that for $275 defendant agreed to give up not only all claims involved in the suit, but more than $1,000 of the amount accrued and unpaid on the mortgage and which was in no sense involved in the action which was compromised. Of course if the language of the contract intends such a result, the parties must abide by it. If the parties by this agreement agreed that the rate of interest should be, not, as before, 8 per cent per annum upon the debt owing, but $320 each year regardless of the amount owing, it was competent for them to do so, but the language should be very clear to warrant a construction that would bring about any such unusual result.

The meaning of the last words of the compromise agreement taken alone is not altogether clear. But when we take the whole agreement together, we think these words can mean but one thing. The situation of the parties was this: For years they had been proceeding on the theory that payments of $60 a month for 20 years would discharge the debt and interest at 8 per cent. Then defendant discovered a theory that it took $66.47 a month to accomplish that result. They compromised, and for a small consideration paid agreed to return to the original theory of computation, that is, to the theory that $60 a month for 20 years was sufficient. We think that when the parties, after providing for a return to the "method of calculation adopted * * * prior to the commencement of said action," stipulated that the loan might be paid before maturity upon payment of the principal and interest "computed as aforesaid," they meant that principal and interest should be computed on the old "method of calculation," that is, on the basis that 240 payments of $60 a month, and not for $66.47 a month, were sufficient to discharge the loan with interest.

Computing the amount due on this basis, we have this situation: Since it required payments of $60 a month for 20 years to pay off the loan with interest at 8 per cent, when plaintiff desired to anticipate payment of the balance due such amount should be paid as would equal the present

worth or value of those deferred payments. We gather from the record that this was the position of the trial court.

Judgment affirmed.